

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2008

# DiCindio v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3476

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"DiCindio v. Comm IRS" (2008). *2008 Decisions.* Paper 1567.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1567

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3476
_____

WILLIAM J. DICINDIO; LOIS J. DICINDIO,

Appellants

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
(Tax Court No. 7029-03L)
Tax Court Judge:  Honorable John O. Colvin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2008

Before: AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 20, 2008  )
_____

OPINION
_____

PER CURIAM

    William and Lois DiCindio appeal the Tax Court's decision allowing the appellee

to proceed with a collection action.  The procedural history of this case and the details of

the DiCindios' claims are well known to the parties, set forth in the Tax Court's thorough opinion, and need not be discussed at length. Briefly, the DiCindios filed a petition in the Tax Court challenging a notice of determination with respect to fourteen years of unpaid tax liabilities. The DiCindios did not challenge the amount of the taxes that they owe. During the Tax Court proceedings, appellee agreed to evaluate an offer in compromise from the DiCindios. The offer was returned to the DiCindios because they failed to provide the information needed to evaluate the offer. They had also not shown that they had paid estimated income tax for 2005 and 2006. The Tax Court upheld the notice of determination. The DiCindios filed a timely notice of appeal, and we have jurisdiction under 26 U.S.C. § 7482(a)(1).

On appeal, the DiCindios argue that the Tax Court erred by not directing appellee to request and evaluate two offers in compromise. However, the offer specialist who evaluated the offer noted that she was overlooking the absence of two offers and other processing deficiencies because the offer had been submitted by order of the Tax Court. Moreover, the offer was rejected because the DiCindios failed to provide the necessary information to evaluate the offer, not because there were not two separate offers.

The DiCindios further argue that the appellee will not process an offer in compromise unless the taxpayers are current with their estimated taxes. Therefore, they contend that the Tax Court erred by denying their request to stay the case and their motion for a reconsideration because they had filed a request for an extension of time to pay their taxes. However, by filing a Form 4868, a taxpayer can only request an extension of time

to file a return; filing the form does not entitle one to an extension of time to pay the taxes owed. See Deaton v. Commissioner, 440 F.3d 223, 224 (5th Cir. 2006). The DiCindios were given several opportunities and extensions of time to file their completed offer in compromise. Their arguments are without merit.

The DiCindios' final argument is that the appellee closed the file on their offer in compromise while their motion for reconsideration was still pending before the Tax Court. We agree with the Tax Court that this was not an abuse of discretion.

Appellee notes that a final notice of intent to levy was not sent for the tax years of 1988 and 2001 and that the Tax Court lacked jurisdiction over those years. Appellee requests that the case be remanded to the Tax Court for removal of those years from the decision. Accordingly, we will vacate the Tax Court decision in part and remand the matter with instructions to correct the decision to remove the tax years 1988 and 2001. In all other respects, we will affirm the decision of the Tax Court for the above reasons as well as those set forth by the Tax Court.